MASSACHUSETTS BONDING AND IN-
SURANCE COMPANY, Appellant,

v.

Jack H. ABBOTT, Home Indemnity Co.,
and Maryland Casualty Co.,
Intervenor, Appellees.

Jack H. ABBOTT, Appellant,

v.

HOME INDEMNITY COMPANY,
Appellee.

No. 18616.

United States Court of Appeals
Fifth Circuit.

Feb. 28, 1961.

Edgar Corey, New Orleans, La., I. D. Pittman, Jr., Hammond, La., for plaintiff.

W. Ford Reese, Adams & Reese, Richard C. Baldwin, New Orleans, La., for Massachusetts Bonding & Insurance Co., defendant-appellant.

Chester Francipane, Breard Snellings (of Sessions, Fishman, Rosenson & Snellings), New Orleans, La., for Home Indemnity Co., defendant-appellee.

Before TUTTLE, Chief Judge, HUTCHESON, Circuit Judge, and CLAYTON, District Judge.

548

HUTCHESON, Circuit Judge.

This is an appeal from a verdict and judgment in a damage suit brought by an inspector of the Department of Agriculture of the State of Louisiana, Jack H. Abbott, for damages sustained by him when he suffered a fall from a truck while he was engaged in his duties of inspecting vegetables.

The suit was against two defendants, the Home Indemnity Co., the insurer of one Bisesi, whose vegetable truck plaintiff was inspecting, the other, Massachusetts Bonding & Insurance Company, the insurer of French Market Ice Company, from whose truck, backed up against the back end of Bisesi's truck which it was supplying with ice, Abbott fell when he was endeavoring by use of the Ice Company's truck to reach the ground after inspecting Bisesi's truckload of vegetables.

The jury found against Massachusetts, the Ice Company's insurer, and in favor of Home, Bisesi's insurer. Massachusetts appealed from the verdict and judgment against it, and the plaintiff appealed from the verdict and judgment in favor of Home.

Here Massachusetts attacks the judgment largely with generalities directed to a review of the evidence both on liability and on damages. Its position in effect is that there was no evidence to take the case to the jury as to its insured, none to support the amount of the verdict. The prime difficulty with this position is that there was no motion for a directed verdict made by Massachusetts. In addition, however, there is no ground for the claim since the evidence does support the verdict of the jury, both on whether the Ice Company was negligent and on the amount of damages found.

It is undisputed that the French Market truck had backed up to Bisesi's vegetable truck and started unloading ice onto it while Abbott was still on the vegetable truck and that when Abbott started to get off of Bisesi's truck he stepped down into the ice truck and said, "Now, how am I going to get out of here?", the driver of the ice truck said, "Come on out on the truck", and it is clear that this was a sufficient invitation for him to use the ice truck to make his descent to the ground.

The evidence also shows without dispute that Abbott walked up to the front of the ice truck and stepped over the railing of the truck onto the running board and that the running board gave way because of defects, and he fell. This clearly made a jury question on the responsibility for fault on the part of the Ice Company.

As to the question of excessiveness of the verdict, on which the appellant mainly relies, it is settled law, not only in this jurisdiction but generally elsewhere, that where the amount of a verdict is not excessive in law, that is, is not so gross as to shock the conscience of the court,[1] excessiveness in fact will furnish no ground for relief. In addition, if we could agree that mere excessiveness in a verdict is reviewable, this would not avail plaintiff here, for a consideration of the evidence adduced shows that the case on the issue of the amount of damages to be allowed was peculiarly one for the jury, and that the verdict cannot be held to be so excessive as to require relief by granting a new trial.

The record presenting no substantial showing of prejudicial error, the judgment is affirmed.

1. State Farm Mutual Auto. Ins. Co. v. Doughty, 5 Cir., 149 F.2d 812; Sunray Oil Corp. v. Allbritton (especially concurring opinion of Hutcheson, C. J.), 5 Cir., 188 F.2d 751.